IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ROY COOKSEY | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-271 |
| PORT ARTHUR POLICE DEPARTMENT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Roy Cooksey, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner brings this action claiming he is "being unlawfully detained and deprived of federally protected personal civil liberty interests." Petitioner complains of evidence tampering, a conspiracy to interfere with his civil rights. Petitioner also requests injunctive relief requiring the Port Arthur Police Department to provide him protection, as well as investigate alleged constitutional violations and enforce the laws. Further, Petitioner complains that "Signals Intelligence activity is being use for extralegal abuse of government punitive criminal-law-enforcement activity." Finally, Petitioner complains of the *sua sponte* dismissal of a previous lawsuit he brought in this court. *See Cooksey v. Cooksey*, No. 1:16cv67 (E.D. Tex. July 19, 2016). A review of the docket reveals the action was dismissed in its entirety as frivolous. *Id*. at Doc. #52.

Analysis

*Jurisdiction*

Petitioner brought this action as a Petition for Writ of Habeas Corpus and paid the $5.00 filing fee at the time of filing his Petition.

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A Petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired when the Petitioner files his Petition. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A Petitioner is not "in custody" for a particular conviction, however, when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "Federal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng*, 490 U.S. at 490-91).

In this case, however, Petitioner is not confined, instead Petitioner resides at a private residence located in Port Arthur, Texas. Petitioner has neither alleged nor demonstrated he is in custody for purposes of obtaining habeas relief. Accordingly, this court is without jurisdiction to entertain Petitioner's Petition for Writ of Habeas Corpus. In the alternative, for the reasons set forth below, the writ of habeas corpus is not the proper avenue for relief in this action.

*Nature of Action*

The writ of habeas corpus is the exclusive federal remedy for claims implicating the fact or duration of confinement. *Covin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A Petition for Writ of Habeas Corpus permits a petitioner

to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional actions or conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). As Petitioner is not in custody and only challenges alleged unconstitutional conduct, he must pursue his claims by filing a civil rights action.

In this case, it would not further the interests of justice to construe Petitioner's Petition as a civil rights action because allowing Petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to Petitions for Writ of Habeas Corpus instead of the $402.00 filing fee applicable to civil actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the Petition should be dismissed without prejudice to Petitioner's ability to pursue such claims by filing a separate civil action.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's Report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE